86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
$159,930.00 UNITED STATES CURRENCY, Defendant.
Douglas McArthur Harris, Claimant-Appellant.
 No. 94-56632.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1996.*
Decided May 30, 1996.
 
 Before: HALL, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harris argues that the government was not entitled to use hearsay to support its summary judgment motion. We have held that for purposes of forfeiture, "rule 56(e) does not apply when ... the sole issue is whether the government has established probable cause to seek forfeiture." United States v. One 56-Foot Motor Yacht Named the Tahuna, 702 F.2d 1276, 1283 (9th Cir.1983). To establish probable cause for forfeiture, "otherwise inadmissible hearsay" may be used on summary judgment. Id.; United States v. $5,644,540.00, 799 F.2d 1357, 1362 (9th Cir.1986).
 
 
 3
 In this case, the district court had for its consideration the police report, the report of Deputy Roberts, a signed declaration by Deputy Roberts, and deposition testimony by Deputy Espino and Deputy Murphy. That evidence was sufficiently reliable and extensive to establish probable cause for forfeiture. See Tahuna, 702 F.2d at 1283.
 
 
 4
 Regarding sufficiency of evidence, Harris argues that under United States v. U.S. Currency, $30,060.00, 39 F.3d 1039, 1041 (9th Cir.1994), the dog sniff and the bundling of the currency were not enough. But that case is distinguishable. The judge noted a number of factors present here, most of which were not present in $30,060.00:
 
 
 5
 The enormous amount of the currency, nearly $150,000; its packaging; a positive alert by a drug detection dog; the presence of guns, two 9 millimeter weapons in the cars; the conflicting stories of ownership; and the fact that two of the men found near the currency had prior narcotic convictions, all suggested that this currency was related to a drug transaction in the way that the statute contemplates.
 
 
 6
 The much larger amount of money, the guns, and the police records of Harris and the others at the two cars all gave rise to "reasonable grounds to believe that the property was related to an illegal drug transaction." $5,644,540.00, 799 F.2d at 1362. So did the pagers the men had.
 
 
 7
 If believed, Harris' own story--that he found the large bag of money in a dumpster--would exonerate him from a charge that he had received the money for narcotics or was planning to exchange it for narcotics. Nevertheless, this story supports the inference that the money itself had been or was intended to be exchanged for narcotics. The most likely explanation for someone putting a bag of more than $150,000 into a waste receptacle is that the receptacle was being used as a surreptitious drop-off and pickup site.
 
 
 8
 Harris's argument that no narcotics were found on the men does not diminish the strength of the probable cause finding. If money is used to purchase narcotics, then prior to the purchase the buyer will have the money but no narcotics, and after the purchase, the seller will have money but no narcotics. Because the "aggregate of facts gives rise to more than mere suspicion that the property was exchanged for or intended to be exchanged for drugs," probable cause was shown. United States v. U.S. Currency $83,310.78, 851 F.2d 1231, 1235 (9th Cir.1988).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3